803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Enterprise Bank Corp., Plaintiff - Appellee
v.
John F. Hughes, Defendant - Appellant, and Michael J. Clark, Defendant
 No. 86-1563.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 7, 1986.
Decided Oct. 6, 1986.
 
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 (John F. Hughes, Appellant Pro Se and Michael J. Clark, Pro Se. Douglas E. McKinley, for Appellee.)
 
 PER CURIAM:
 
 2
 Enterprise Bank loaned money to Michael Clark on a 90-day note. John Hughes guaranteed that loan, as well as guaranteeing one extension. After Clark defaulted on his payments, the Bank sought and obtained a default judgment against Clark and Hughes. The district court vacated the judgment against Hughes and held a trial on the issue of liability. Hughes argued that the bank released him from liability by entering into a replacement note payable in installments over three years. The district court entered judgment against Hughes, finding that the new loan was never executed. Hughes appeals.
 
 
 3
 A surety may be released from liability if the bank and the principal enter into an agreement to extend the original repayment period. Lee Federal Credit Union v. Gussie, 542 F.2d 887 (4th Cir. 1976). Enterprise Bank, in a letter accompanying the installment loan agreement, stated to Clark the expectation that Hughes would guarantee the installment loan. In fact, Hughes himself admits that the Bank requested in April that he guarantee the loan, and he refused. Hughes argues that the Bank later executed the installment loan with Clark by accepting payments after Hughes refused to guarantee the replacement loan.
 
 
 4
 The district court's conclusion that the installment loan was never executed is supported by the evidence. Neither the Bank nor Clark treated the two payments as arising from the new agreement. The Bank did not issue a coupon book for payment. Clark did not submit payments on the due dates or in the amount specified in the loan agreement. We therefore affirm the judgment below. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 AFFIRMED